IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTOINETTA ROGERS O/B/O A.K.L., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 05-cv-3086 |
| ) | |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### ORDER

**AND NOW**, this 16th day of May 2007, upon consideration of the parties Cross-Motions for Summary Judgment [Document Nos. 11 & 12], and after review of the Report and Recommendation ("R&R") of Magistrate Judge M. Faith Angell [Document No. 22], Defendant's Objections thereto [Document No. 23],[1] and Plaintiff's Reply to Defendant's Objections [Document No. 24], it is hereby **ORDERED** that:

1.   The R&R is **APPROVED** and **ADOPTED IN PART**;

2.   Plaintiff's Motion for Summary Judgment is **DENIED**;

3.   The Defendant Commissioner's Motion for Summary Judgment is **DENIED**;

4.   The decision of the Commissioner that denied benefits to the Plaintiff, Antoinetta Rogers o/b/o A.K.L., is **REVERSED** and the case is **REMANDED** to the Commissioner of Health and Human Services

---

[1] The Court further notes that it reviewed the recent Third Circuit decision in Watson v. Comm'r of Soc. Sec., No. 06-cv-1973, 2007 WL 906442 (3d Cir. Mar. 27, 2007), brought to the Court's attention by Defendant's Motion for Leave to File Supplement to Objections [Document No. 25].

pursuant to sentence four of 42 U.S.C. § 405(g).[2]

---

[2] At issue is the Social Security Administration's step-two determination that A.K.L., a minor child, is not entitled to benefits for failing to establish the 12-month durational requirement for a severe impairment. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, [are] conclusive," and a court will set aside the Commissioner's denial of a plaintiff's claim only if it is "unsupported by substantial evidence." 42 U.S.C. § 405(g); see Menswear Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). Defendant objects to Judge Angell's R&R, and argues that both prior to and after August 2004, Plaintiff failed to establish the 12-month durational requirement, and that substantial evidence supports the Commissioner's findings.

20 C.F.R. § 416.924(a)-(d) sets out the three-step sequential analysis for determining child disability. Under this analysis, a child is deemed disabled if: (1) he or she is not working and not engaged in substantial gainful activity; (2) he or she has a medically determinable impairment that is severe and meets the 12-month durational requirement; and (3) the medically determinable severe impairment meets, medically equals, or functionally equals a listing in 20 C.F.R. Part 404, subpart P, Appendix 1. Although not clarified by the record or the parties' briefs, disability assessments for children's Supplemental Security Income claims are handled in the same manner as adult claims through the first two steps of the sequential evaluation process set forth at 20 C.F.R. §§ 416.920(a)(4)(i-iv). See Frank S. Bloch, Bloch on Social Security § 3:44 (West 2006). Only the third step for children's claims diverges from the final steps of analysis in adult claims. Id. Here, a child must prove that he or she has an impairment or combination of impairments that meets the requirements of the Listing of Impairments. Id.

After review of the evidence presented, the ALJ found, and the parties do not dispute, that A.K.L. was neither working nor engaged in substantial gainful activity, and that A.K.L.'s amplified musculoskeletal pain is medically determinable. R. at 22. The ALJ further found that Plaintiff's condition rose to the level of a severe impairment in August 2004. Id. Nonetheless, the ALJ concluded that he need not determine whether the evidence established a "disability" because A.K.L. failed to meet the 12-month durational requirement for his impairment. Id. While citing multiple reasons for A.K.L.'s failure to meet the 12-month durational requirement prior to August 2004, the ALJ, with respect to the 12-month period after August 2004, concluded only that "although the claimant's disorder will continue to be present, it may not continue to be present at the level of severity shown in August 2004 for a continuous period of 12 months with continued medication and treatment." Id. at 23. The ALJ made this conclusion even after considering evidence that in January 2005, A.K.L. was admitted into an intensive-exercise treatment program because he was fairly limited by pain. Id. A.K.L. appeals the ALJ's step-two determination that he failed to establish the durational requirement both prior to and after August 2004.

"The step-two inquiry is a de minimis screening device to dispose of groundless claims," Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003) (citing Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); McDonald v. Sec'y of Health and Human Servs., 795 F.2d 1118, 1124 (1st Cir. 1986)), and reasonable doubts on severity are to be resolved in favor of claimant, Newell, 347 F.3d at 547. Hence, the burden placed on an applicant at step two is not an exacting one, and the Commissioner's determination to deny an applicant's request for benefits at step two should be reviewed with close scrutiny. See McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). While the Third Circuit addressed adult claims for social-security benefits in both Newell and McCrea, the Court herein holds that the analysis set forth in these opinions should apply equally to children's claims for benefits.

Defendant argues, and the Court agrees, that Judge Angell improperly concluded that the durational requirement can be assumed and is therefore satisfied in this case. Rather, substantial evidence must support the ALJ's conclusion that the durational requirement has or has not been met. While the step-two inquiry is only de minimis, the Court concludes that substantial evidence supported the ALJ's conclusion that Plaintiff failed to meet the durational requirement prior to August 2004. Plaintiff's pain in this time period was intermittent and mild, and Plaintiff was capable of engaging in contact sports such as football. R. at 23. Nonetheless, the Court agrees with the R&R and concludes that substantial evidence did not support the ALJ's finding that as of August 2004, Plaintiff's pain "may not continue to be present at the level of severity . . . for a continuous period of 12 months with continued medication and treatment." Id. The ALJ offers no support for this conclusion, and fails to acknowledge Plaintiff's

The Clerk of Court is **ORDERED** to change the caption to reflect the automatic substitution of Michael Astrue as Commissioner of Social Security, pursuant to Federal Rule of Civil Procedure 25(d)(1).

The Clerk of Court is further **ORDERED** to mark this case **CLOSED**.

It is so **ORDERED**.

                                                **BY THE COURT:**

                                                **/s/ Cynthia M. Rufe**
                                                CYNTHIA M. RUFE, J.

---

enrollment in an intensive-exercise treatment program in January 2005 as evidence that would support a finding of continued pain.  Accordingly, this case must be remanded to the Commissioner to clarify the record, and to allow Plaintiff the opportunity to supplement the record with additional medical evidence.

       Finally, the Court notes Defendant's objection to the R&R's suggestion that a medical expert be present at the hearing to speak to the durational requirement, including the onset date.  The Court agrees that an onset date is established only after the claimant is found to be disabled, a finding not yet established in this matter.  Thus, a determination of the onset date is not appropriate unless and until the ALJ finds that the Plaintiff is disabled.  Nonetheless, when the medical or work evidence is not consistent with a claimant's alleged onset date, additional development may be needed to reconcile the discrepancy, and the onset date must be consistent with the medical evidence of record.  See Walton v. Halter, 243 F.3d 703, 708 (3d Cir. 2001).  Accordingly, the Court agrees with the R&R that a medical expert should be available at the hearing to speak to the durational aspect of Plaintiff's claim, but the medical expert need only speak to the onset date if the ALJ so requires.